**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| MARISSA L. THEROUX<br>Plaintiff | : | CIVIL ACTION<br>NO. 1:07-CV-435 (ECT) |
| v. | : | REMOVAL FILED:<br>NOVEMBER 30, 2007 |
| GREGORY A. ESTRADA, Alias; and<br>MARTEN TRANSPORT, LTD.<br>Defendant | : | DATE OF FILING:<br>DECEMBER 3, 2007 |

**DEFENDANT MARTEN TRANSPORT, LTD'S ANSWER, SEPARATE DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

AND NOW, defendant, Marten Transport, Ltd., by and through their attorneys, Rawle & Henderson LLP, hereby respond to plaintiff's complaint as follows:

1. Denied. Responding defendant have insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 1 of plaintiff's complaint and therefore said averments are denied.

2. Admitted upon information and belief.

3. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that they are deemed otherwise, they are denied.

4. Admitted upon information and belief.

5. Denied. This paragraph contains conclusions of law to which no response is required. To the extent that they are deemed otherwise, they are denied.

**COUNT I**
**NEGLIGENT OPERATION OF A MOTOR VEHICLE AGAINST GREGORY A. ESTRADA, Alias**

6. Paragraphs 1 though 5 of defendant's answer are hereby incorporated by reference as if set forth fully at length herein.

7. Denied. Responding defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 7 of plaintiff's complaint and therefore said averments are denied.

8. Admitted in part, denied in part. It is admitted only that defendant Gregory A. Estrada was operating a motor vehicle at the time and place aforesaid. It is specifically denied that defendant Gregory A. Estrada acted negligent, careless and/or reckless in any manner whatsoever and defendant demands strict proof thereof at trial.

9. Denied.

10. Denied. It is specifically denied that Gregory A. Estrada acted in a negligent, careless and/or reckless manner whatsoever and strict proof thereof is demanded at trial. By way of further response, responding defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 10 of plaintiff's complaint and therefore said averments are denied. To the extent the averments contained in paragraph 10 of plaintiff's complaint contain conclusions of law, no response is required. Strict proof thereof is demand at trial.

WHEREFORE, the defendant Marten Transport, Ltd., respectfully requests that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein and grant judgment in favor of defendant and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

**COUNT II**
**NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE AGAINST MARTEN TRANSPORT, LTD.**

11. Paragraphs 1 though 10 of defendant's answer are hereby incorporated by reference as if set forth fully at length herein.

12. Denied. Responding defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 12 of plaintiff's complaint and therefore said averments are denied.

13. Admitted in part, denied in part. It is admitted only that defendant Gregory A. Estrada was operating a motor vehicle at the time and place aforesaid. It is specifically denied that defendant Gregory A. Estrada acted negligent, careless and/or reckless in any manner whatsoever and defendants demand strict proof thereof at trial.

14. Denied.

15. Denied. It is specifically denied that responding defendant acted in a negligent, careless and/or reckless manner whatsoever and strict proof thereof is demanded at trial. By way of further response, responding defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in paragraph 15 of plaintiff's complaint and therefore said averments are denied. To the extent the averments contained in paragraph 15 of plaintiff's complaint contain conclusions of law, no response is required. Strict proof thereof is demand at trial.

WHEREFORE, the defendant Marten Transport, Ltd., respectfully requests that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein and grant judgment in favor of defendant and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

16. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

17. No omissions or conduct on the part of defendants contributed to plaintiff's injuries and damages, if any.

### THIRD SEPARATE DEFENSE

18. The negligence of plaintiff either bars plaintiff's right to recover completely or reduces her claims based upon the extent of plaintiff's negligence under the doctrine of comparative negligence.

### FOURTH SEPARATE DEFENSE

19. Plaintiff's alleged damages, if any, were the result of an unavoidable accident, sudden emergency or Act of God.

### FIFTH SEPARATE DEFENSE

20. Plaintiff's alleged accident was proximately caused, in whole or in part, by the fault of third parties for whom defendant is not legally responsible.

### SIXTH SEPARATE DEFENSE

21. Plaintiff assumed the risk of any damages or injuries, and therefore, plaintiff's claims are barred or limited.

SEVENTH SEPARATE DEFENSE

22. Plaintiff failed to mitigate her alleged damages.

EIGHTH SEPARATE DEFENSE

23. The damages complained of by plaintiff pre-existed or are unrelated to the accident.

NINTH SEPARATE DEFENSE

24. Service of process was improper and/or insufficient.

TENTH SEPARATE DEFENSE

25. This Honorable Court lacks jurisdiction over defendants.

WHEREFORE, the defendant Marten Transport, Ltd., respectfully requests that this Honorable Court dismiss plaintiff's complaint with prejudice, deny the relief requested therein and grant judgment in favor of defendant and against plaintiff, and grant such other and further relief as the Honorable Court deems just and proper.

## REQUEST FOR JURY TRIAL

The defendant hereby requests a trial by jury on all issues that are triable.

RAWLE & HENDERSON LLP

By: ______________________________

Gary N. Stewart, Esquire
Identification No.: 5018
Attorney for Defendant,
Marten Transport, Ltd.

Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, PA 17101

130 Touro Street
Newport, Rhode Island 02840
gstewart@rawle.com
(717) 234-7700
(717) 234-7710
Our File No.: 250247

Dated: 12/3/07

## CERTIFICATE OF SERVICE

I hereby certify that on today's date, a true and correct copy of the pleading was served by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

Mark D. Tourgee, Esquire
Inman Tourgee & Williamson
1193 Tiogue Avenue
Coventry, RI 02816

RAWLE & HENDERSON LLP

By:________________________
Gary N. Stewart

Dated: 12/3/07