UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARISSA L. THEROUX | : | |
| | : | |
| vs. | : | Case Number: 1:07-cv-00435-T-DLM |
| | : | |
| GREGORY A. ESTRADA and MARTEN TRANSPORT, LTD | : | |
| | : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT MARTEN TRANSPORT, LTD TO PRODUCE DOCUMENTS**

Now comes the Plaintiff Marissa Theroux by and through her attorneys in the above-entitled matter and hereby moves this Honorable Court for an Order compelling the Defendant Marten Transport, Ltd. to produce those documents responsive to Plaintiff's First Requests for Production dated January 30, 2008. Plaintiff respectfully avers that Defendants' Response dated February 15, 2008 is not complete and in some instances non-responsive. Attached hereto as Exhibit 1 is a copy of Defendant's Responses to Plaintiff's First Request for Production of Documents Addressed to Defendant, Marten Transport, Ltd.

With respect to Request No. 1 Mr. Estrada testified at his deposition that he created an incident report on the date of the accident and that he mailed the report to Defendant Marten. Plaintiff is requesting that Defendant Marten produce a copy of Mr. Estrada's report. Request No. 1 of Plaintiff's First Requests for Production of Documents directed to Defendant Estrada and Defendant Marten request the production of any incident reports, among other items. Both defendants objected to the request and produced a copy of the police report only; neither identified Mr. Estrada's incident report. Plaintiff respectfully submits that the requested document, the incident report, is a business record and is not privileged. Moreover, the requested report contains Mr. Estrada's first hand account of the accident within 24 hours of the

occurrence. Mr. Estrada did not provide a witness statement to the police. Moreover, Mr. Estrada testified at his deposition that the incident report was a pre-made document supplied by his employer, Marten and kept in the truck. Attached hereto as Exhibit 2 is the relevant portion of Mr. Estrada's deposition (pp. 83-90) concerning the creation of the incident report. Lastly, in this regard, Plaintiff is requesting that Defendant Marten identify any other documents that were prepared by Mr. Estrada as part of this accident, as well as any recorded statements taken of Mr. Estrada subsequent to the accident.

With respect to Request No. 2, Plaintiff has requested all documents and records relating to damages to defendant's vehicle. Defendant's response indicates discovery is ongoing and that documents will be produced if any exists. Some photographs were produced. However, based on the deposition testimony of Defendant Estrada there must be additional documents that are responsive to this request.

With respect to Request No. 4, Plaintiff is seeking to ascertain whether Defendant has produced all photographs in its possession or if there any that are being withheld on any basis.

With respect to Request No. 5 and 6, Plaintiff notes Defendant's objection to the request for any surveillance materials and photographs of Marissa Theroux. Plaintiff believes that the "existence" of these materials are discoverable pursuant to Cabral v. Arruda, 556 A.2d 47 (R.I. 1989), in addition to whether Defendants intend to introduce documents at trial.

With respect to Request No. 8, the production of documents regarding witness statements and similar documents, Defendant has objected and responded that discovery is still ongoing. It is unclear to Plaintiff whether there are any documents responsive to this request. Plaintiff is requesting that Defendant identify whether there are any documents that fit within this request and produce any non-privileged documents.

Lastly, with respect to Request No. 9, Plaintiff request that the records be produced.

Plaintiff submits that the requested documentation is relevant and calculated to lead to the discovery of admissible evidence. Further, the documentation requested is necessary in order for Plaintiff to properly present her claims.

Accordingly, Plaintiff respectfully prays for an Order compelling the Defendants to provide all documents responsive to Plaintiff's First Request for Production of Documents within ten (10) days of the granting of this motion.

Plaintiff, Marissa Theroux,
by her attorneys,

/s/ William A. Poore
/s/ Christopher J. O'Connor
William A. Poore, Esq. (#1436)
Christopher J. O'Connor, Esq. (#5078)
Poore & Rosenbaum LLP
30 Exchange Terrace
Providence, RI 02903
(401) 831-2600 – telephone
(401) 831-2220 – facsimile

CERTIFICATION OF ATTORNEY

I hereby certify that I made a good faith effort to confer with opposing counsel to resolve the pending discovery issues raised by the instant motion. A copy of correspondence directed to Defendant's attorney is attached hereto as Exhibit 3.

/s/ Christopher J. O'Connor
Christopher J. O'Connor, Esq. (#5078)

CERTIFICATION

I hereby certify that on the 12th day of June, 2008, I caused a true copy of the within to be served by electronically and by regular mail, postage prepaid to the following:

Gary N. Stewart, Esq.
Rawle & Henderson LLP
Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, PA 17101

Mark D. Tourgee, Esq.
Inman, Tourgee & Williamson
1193 Tiogue Avenue
Coventry, RI 02816

/s/ Christopher J. O'Connor
Christopher J. O'Connor, Esq.