2/15/08

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARISSA L. THEROUX<br>Plaintiff | : | CIVIL ACTION<br>NO. 1:07-CV-435 (ECT) |
| v. | : | REMOVAL FILED:<br>NOVEMBER 30, 2007 |
| GREGORY A. ESTRADA, Alias; and<br>MARTEN TRANSPORT, LTD.<br>Defendant | : | DATE OF FILING:<br>DECEMBER 3, 2007 |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANT, MARTEN TRANSPORT, LTD**

AND NOW comes the Defendant, Marten Transport, Ltd., by and through its counsel, Rawle & Henderson, LLC, in the above-entitled matter and pursuant to the Federal Rules of Civil Procedure hereby object to the following Request for Production of Documents addressed to Defendant Marten Transport Ltd. as follows.

**DOCUMENTS REQUESTED**

1. Any and all police reports, incident reports or accident reports concerning the accident in question.

OBJECTION: Defendant objects to the extent that this request goes beyond the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)1, 3 and 4, attorney-client privilege and attorney work product. By way of further objection, this request is overly broad and unduly burdensome.

RESPONSE: Without waiving the above objection, the police report is attached.

2. All documents and records evidencing or pertaining in any way to any damage to defendant's vehicle as a result of the accident in question, including but not limited to, photographs, appraisals, estimates or receipts of repair and/or invoices.

RESPONSE: Discovery is ongoing. Documents and records, if they exist, will be provided. By way of further response, see attached photographs.

3. All documents and records evidencing or pertaining in any way to any damage to plaintiff's vehicle as a result of the accident in question, including but not limited to, photographs, appraisals, estimates or receipts of repair and/or invoices.

**RESPONSE:** See attached photographs and attached estimate from Geico.

4. Any and all photographs, diagrams, sketches or video recordings of the scene of the incident in question.

**RESPONSE:** See attached photographs.

5. Any and all photographs or video recordings of the plaintiff.

**OBJECTION:** Defendant objects to the extent that this request goes beyond the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)1, 3 and 4, attorney-client privilege and attorney work product. By way of further objection, this request is overly broad and unduly burdensome.

**RESPONSE:** Without waiving the above objection, see the attached photographs.

6. Any and all surveillance materials of the plaintiff.

**OBJECTION:** Defendant objects to the extent that this request goes beyond the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)1, 3 and 4, attorney-client privilege and attorney work product. By way of further objection, this request is overly broad and unduly burdensome.

7. All statements whether oral or written, signed or unsigned, taken from or given by the plaintiff regarding the accident in question.

**RESPONSE:** See attached police report and witness statement of Marissa Theroux.

8. Any and all statements, including, but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, taken from or given by all witnesses to the incident relative to the subject matter of this action and/or any witnesses having knowledge regarding any and all facts and issues in the instant litigation.

**OBJECTION:** Defendant objects to the extent that this request goes beyond the scope of permissible discovery pursuant to Federal Rule of Civil Procedure 26(b)1, 3 and 4, attorney-client privilege and attorney work product. By way of further objection, this request is overly broad and unduly burdensome. In addition, this request is beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE:** Without waiving the above objection, discovery is still ongoing.

9. All ownership, title and registration papers of the motor vehicle operated by defendant Gregory Estrada on the date of the accident in question.

**RESPONSE**: To be provided.

10. Any and all polices of insurance, including declaration pages, riders, amendments, modifications, renewals, etc., in effect on the date of the accident in question and providing liability, comprehensive, property damage, medical payments, disability, employment-related or any other coverage to any party to this action.

**OBJECTION**: This request is beyond the scope of the Federal Rules of Civil Procedure.

**RESPONSE**: Without waiving the above objection, to be provided.

11. Any and all citations, criminal charges or violations issued by any law enforcement agency as a result of the accident in question.

**RESPONSE**: None.

12. The curriculum vitae of any expert who has been retained by defendants to testify at the trial of this matter.

**OBJECTION**: The defendant intends to comply with the court's scheduling order and the Local Rules of Civil Procedure.

RAWLE & HENDERSON LLP

By: ______________________________

Gary N. Stewart, Esquire
Identification No.: 5018
Attorney for Defendant,
Marten Transport, Ltd.
Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, PA 17101

130 Touro Street
Newport, Rhode Island 02840
gstewart@rawle.com
(717) 234-7700
(717) 234-7710
Our File No.: 250247

Dated: 2/15/08

CERTIFICATE OF SERVICE

I hereby certify that on today's date, a true and correct copy of the attached document was served by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

Mark D. Tourgee, Esquire
Inman Tourgee & Williamson
1193 Tiogue Avenue
Coventry, RI 02816

William A. Poore, Esq.
Christopher J. O'Conner, Esq.
Poore & Rosenbaum, LLP
30 Exchange Terrace
Providence, RI 02903

RAWLE & HENDERSON LLP

By: ______________________
Gary N. Stewart

Dated: 2/15/08