# POORE & ROSENBAUM LLP

ATTORNEYS AT LAW

WILLIAM A. POORE
STEVEN ROSENBAUM*

NICHOLAS A. LAMBROS*
CHRISTOPHER J. O'CONNOR

*Also licensed in MA

Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02901-1117
Telephone (401) 831-2600
Fax (401) 831-2220

May 30, 2008

Gary N. Stewart, Esq.
Rawle & Henderson LLP
Payne Shoemaker Building
240 N. Third Street, 9th Floor
Harrisburg, PA 17101

**Re: Marissa Theroux v. Gregory A. Estrada and Marten Transport, Ltd.**

Dear Mr. Stewart:

I am writing with respect to discovery issues. As a result of Mr. Estrada's deposition and Defendants' Responses to Plaintiff's First Request for Production of Documents, I am requesting that certain documents be produced. First, Mr. Estrada testified at his deposition that he created an incident report on the date of the accident, and in conjunction with photographs, and that he mailed the report and camera to Marten Transport. I am requesting that Marten produce a copy of Mr. Estrada's report without the necessity of a motion to compel. Request No. 1 of Plaintiff's First Request for Production of Documents directed to Mr. Estrada and Marten requests the production of any incident reports, among other items. Although the report was not identified in either response; both defendants objected to the request and produced a copy of the police report only. Regardless, I believe that the requested document, Mr. Estrada's report, is a business record and that it is not privileged. Moreover, it presumably contains Mr. Estrada's first hand account of the accident within 24 hours of the occurrence. Lastly, in this regard, I am requesting that Marten identify any other documents that were prepared by Mr. Estrada as part of this accident, as well as any recorded statements taken of Estrada subsequent to the accident.

Additionally, I am following-up on some of the defendant's other responses to Plaintiff's request for production of documents:

- With respect to photographs, have defendants produced all photographs in their possession or are there any that are being withheld on the basis of privilege or work product? Along this same line, I note that there is an objection to surveillance materials and photographs of Marissa Theroux. I believe that the "existence" of these materials are discoverable pursuant to Cabral v. Arruda, 556 A.2d 47 (R.I. 1989), in addition to whether Defendants intend to introduce documents at trial.

- Plaintiff has requested all documents and records relating to damages to defendant's vehicle (Request No. 2 directed to Marten and Estrada). The responses indicate discovery is ongoing and that documents will be produced in any exists. Photographs were produced. Based on the testimony of the Mr. Estrada there must be additional documents that are responsive to this request. Accordingly, please forward any documents that fit within this request as soon as possible.

- With respect to Plaintiff's request for production of documents regarding witness statements and similar documents (Request No. 8 directed to Marten and Estrada), there is an objection and a response that discovery is still ongoing. It is unclear to me whether there are any documents responsive to this request. Accordingly, I am requesting that you at least identify whether there are any documents that fit within this request and produce any non-privileged documents. If in fact there is a claim of privilege, then we can address that issue after the identification of documents.

I am enclosing Plaintiff's Second Request for Production of Documents which includes a request for any logs created by Mr. Estrada for the 72 hour period preceding the accident, and the 48 hours subsequent to the accident. Mr. Estrada testified at his deposition that he could not recall where he was prior to the accident. He also testified that he maintained logs, copies of which are in the possession of Marten. Additionally, the request seeks production of Mr. Estrada's personnel file and the employee handbook or training handbook identified in his deposition. Finally in this regard, we are requesting that Marten identify the name and title or position of the Marten employee with whom Mr. Estrada spoke with on his cell phone following the accident, as well as the person who was responsible for developing the photographs on the disposable camera (in addition to whether they are still employed by Marten).

One final note, I do not recall receiving interrogatory answers from Marten. Would you please advise on the status of these? We are in the process of finalizing Marissa's answers and will forward them shortly.

Please do not hesitate to contact me if you have any questions or wish to discuss.

Very truly yours,

POORE & ROSENBAUM LLP

Christopher J. O'Connor

CJO/hja
Enclosure
*Dictated but not read*
*cc: Mark D. Tourgee, Esq.*